UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARRISON FISHER,<br><br>         Petitioner,<br><br>v.<br><br>ACEVEDO, Warden,<br><br>         Respondent. | Case No.: 25cv2677 LL (MSB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |

James Harrison Fisher ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary ruling incurred during his incarceration at Richard J. Donovan Correctional Facility in San Diego, California. *See* ECF No. 1. Petitioner has also filed a motion to proceed in forma pauperis. ECF No. 2. Upon review, and for the reasons discussed below, the Court **DENIES** the motion to proceed in forma pauperis and **DISMISSES** the case without prejudice.

### MOTION TO PROCEED IN FORMA PAUPERIS

A motion to proceed in forma pauperis made by a state prisoner must not only include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee, but must also include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." R. 3(a)(2), Rules Governing Section 2254 Cases

(2019); *see also* S.D. Cal. CivLR 3.2. The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." S.D. Cal. CivLR 3.2; *see also* 28 U.S.C. § 1915(a)(2).

While Petitioner has submitted the required affidavit, *see* ECF No. 2 at 1-4, he has failed to complete it, instead leaving several sections blank and unaddressed. *See id.* at 3. Additionally, Petitioner has failed to provide the Court with the required prison certificate and certified copy of his trust fund account statement. *See generally* ECF No. 2. Because Petitioner has not provided the Court with the required financial information, the Court **DENIES** the motion to proceed in forma pauperis without prejudice to resubmission.

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the instant case is subject to dismissal without prejudice. *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

## **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

The Petition is also subject to dismissal because a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for the claim Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Meanwhile, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Here, Petitioner indicates the instant Petition concerns a challenge to a disciplinary ruling in which he was "charged and found guilty of violating a law/rule/statute of CDCR

that does not exist" in violation of due process. ECF No. 1 at 6, 13. Specifically, Petitioner "wrote sexually explicit fantasy letters/note to three of his female college professors," and as a result, he was eventually charged with "overfamiliarity." *Id.* at 6. Petitioner contends the charge and resultant disciplinary finding violates due process because he had no "fair notice" or "warning" prohibiting the contested conduct and requests the reversal and expungement of all records concerning this violation. *Id.* at 13-16. Petitioner asserts "[t]he officer who filed the Rule Violation Report" knew there was no such rule or violation but sought both to "stratagem or circumvent" the cited rule by punishing him for what he wrote and "to have me punished by the Parole Board with a 5-year denial for something that is not even an established rule violation." *Id.* at 15.

First, the attached records and documents reflect Petitioner did not suffer any loss of credits or other punishment that could have affected "the fact or length of his custody." *Preiser*, 411 U.S. at 499. Instead, it appears from the attached records and documents the sole disciplinary result of this violation was "counseling." *See* ECF No. 1-4 at 19-20 (state appellate court noted: "The violation was at the 'counseling only' level," and indicated that Petitioner "admits he did not lose any good time credits, and it does not appear he lost any privileges."); *see also id.* at 37 (superior court noted: "Petitioner was found guilty of the offense, but was not assessed a loss of credits as discipline. His only disciplinary consequence was counseling."); *see also id.* at 48 (rules violation report reflected discipline imposed as "Counseling Only.") Petitioner does not allege that the relief sought, if granted, would result in his earlier or immediate release from imprisonment, and Petitioner himself indicates he is serving a sentence of 25 years plus 2 years to run concurrent with a sentence of 15 years to life. *See id.* at 4, 23.

Moreover, to the extent Petitioner seeks reversal and expungement of the contested violation to avoid a potential future parole denial based on the contested violation, his claim also does not sound in habeas because such a result "would not necessarily lead to immediate or speedier release." *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) ("Success on the merits of [Petitioner's] claim would not necessarily lead to

immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole. . . .Because the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole."), quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Thus, Petitioner's claim does not appear cognizable on habeas because it is unclear how he challenges the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *see also Nettles*, 830 F.3d at 935.

## CONCLUSION AND ORDER

Accordingly, the Court **DENIES** Petitioner's motion to proceed in forma pauperis [ECF No. 2] and **DISMISSES** the case without prejudice. If Petitioner wishes to reopen and proceed with his habeas case by challenging the fact or duration of his confinement, he must submit, no later than **December 10, 2025**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of his inability to pay the filing fee. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number. The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Habeas Petition form and in forma pauperis application and a blank 42 U.S.C. § 1983 Civil Rights Complaint form and in forma pauperis application together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: October 14, 2025

_____
Honorable Linda Lopez
United States District Judge