UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES HARRISON FISHER,

Petitioner,

v.

ACEVEDO, Warden,

Respondent.

Case No.: 25cv2677 LL (MSB)

**ORDER:**

**(1) CONSTRUING PETITIONER'S MOTION [ECF No. 4] AS RENEWED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**

**(2) DENYING RENEWED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**

**(3) ENTERING FINAL JUDGMENT OF DISMISSAL WITHOUT PREJUDICE; AND**

**(4) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

**[ECF No. 4]**

## I.    Relevant Procedural Background

On October 2, 2025, James Harrison Fisher ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.

1

§ 2254, challenging a prison disciplinary ruling incurred during his incarceration at Richard J. Donovan Correctional Facility in San Diego, California, along with a motion to proceed in forma pauperis ("IFP"). *See* ECF Nos. 1-2. On October 14, 2026, the Court denied Petitioner's IFP motion and dismissed the case without prejudice for failure to satisfy the filing fee requirement and failure to state a cognizable claim on habeas corpus, and instructed Petitioner that if he wished to proceed with his habeas case "by challenging the fact and duration of his confinement," he must submit both a completed amended petition form that cured the pleading deficiencies outlined in the Court's order along with either the $5.00 filing fee or adequate proof of his inability to pay the fee, on or before December 10, 2025. ECF No. 3 at 4. The Court further instructed that "[i]f Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number." *Id.*

On February 6, 2026, Petitioner constructively filed a motion for reconsideration of the Court's dismissal order accompanied by a copy of Petitioner's trust account statement, in which he "respectfully request[s] for the Court to re-consider my case, which was dismissed because of the lack of an IFP (6-month) status." ECF No. 4.[1] To date, Petitioner has not filed a completed amended petition form which cures the pleading deficiencies outlined in the Court's October 14, 2025, Order, and the previously set out deadline of December 10, 2025, for Petitioner to do so is well past. Because Petitioner only asks the

---

[1] While the instant motion is filed-stamped February 20, 2026, the constructive filing date is February 6, 2026. *See* ECF No. 4 at 1; *see Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (discussing the "mailbox rule" under which "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail."), citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) and *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). This is because Petitioner would have presented the documents to prison authorities for filing prior to the date they were received by the Court. The record reflects the motion was signed on February 6, 2026, and includes a notation on the envelope dated February 11, 2026. *See id.* at 1, 7. While it does not ultimately make a difference to the analysis, the Court will presume the documents were presented to prison authorities at the time of signing.

25cv2677 LL (MSB)

Court to reconsider his IFP status and does not acknowledge or address the substance of the rest of the Court's October 14, 2025 Order, the Court **CONSTRUES** Petitioner's motion for reconsideration [ECF No. 4] as a renewed motion for leave to proceed IFP; the Court will proceed to consider that motion on its merits despite the lack of timeliness.

## II.    Renewed Motion for Leave to Proceed IFP

Upon review, Petitioner's trust account statement reflects a $176.63 balance in his prison trust account at the California correctional institution in which he is presently confined. *See* ECF No. 4 at 3, 5. The filing fee associated with this type of action is $5.00. *See* 28 U.S.C. § 1914(a). Because it appears Petitioner can pay the $5.00 filing fee, Petitioner's renewed motion for leave to proceed IFP [ECF No. 4] is **DENIED**.

## III.    Failure to Submit Amended Petition

In the October 14, 2025, Order, the Court also dismissed Petitioner's case without prejudice for failure to state a cognizable claim on habeas corpus and instructed Petitioner that if he wished to proceed with his habeas case "by challenging the fact and duration of his confinement," he must also submit a completed amended petition form that cured the pleading deficiencies outlined in the Court's order. ECF No. 3 at 4. While Petitioner moved for reconsideration of his IFP status, he has not otherwise acknowledged or responded to the remainder of the Court's October 14, 2025, Order. *See docket*. Because it is now well past the December 10, 2025, deadline, and Petitioner has made no attempt to correct the substantive deficiencies of pleading identified in the Court's October 14, 2025, Order, by filing an amended petition as directed, this case remains **DISMISSED** without prejudice.

## IV.    Conclusion and Order

For the reasons discussed above, the Court **CONSTRUES** Petitioner's motion for reconsideration [ECF No. 4] as a renewed motion for leave to proceed IFP, **DENIES** Petitioner's renewed motion for leave to proceed IFP [ECF No. 4], and the instant habeas action remains **DISMISSED** without prejudice.

The Court **DECLINES** to issue a certificate of appealability because it is not persuaded "jurists of reason would find it debatable whether the district court was correct"

25cv2677 LL (MSB)

in dismissing the petition for failing to comply with the procedural requirements for submission of a habeas petition in this Court. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."); *see also* 28 U.S.C. § 2253(c). The Court **DIRECTS** the Clerk to enter a final judgment of dismissal without prejudice and to close this case.

**IT IS SO ORDERED.**

Dated:  March 3, 2026

_____

Honorable Linda Lopez
United States District Judge